UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BENNY FALCON, )<br>Institutional ID No. 664986, )<br>SID No. 1932491, )<br>Previous TDCJ No. 337705, 481906, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TYLER HOLLY, )<br>CO III, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>5:09-CV-066-BG<br>ECF |

**REPORT AND RECOMMENDATION**

**I.**    **Procedural History**

Plaintiff Benny Falcon filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during his incarceration by the Texas Department of Criminal Justice ("TDCJ"). Falcon alleged that Tyler Holly, an officer employed by TDCJ, used excessive force against him in violation of his Eighth Amendment rights at the John T. Montford Unit.[1] The United States District Court referred the matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The transfer order directed that the case would be transferred back to the docket of the United States District Court if either Falcon or Holly did not consent to proceed before this court. Defendant Holly did not consent to proceed before this court.

The court held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82

---

[1] The court notes, as it noted in the order for service, that Officer Tyler Holly's last name is spelled "Holley" in authenticated records from TDCJ.

(5th Cir. 1985), and conducted preliminary screening as directed by 28 U.S.C. § 1915(e)(2). After considering Falcon's complaint, the testimony he provided at the *Spears* hearing, and authenticated records provided by TDCJ, the court determined that Falcon had stated claims that survived preliminary screening and entered an order for service as to Holly.

Defendant Holly filed an answer and a motion for a Rule 7(a) reply. Defendant Holly asserted, *inter alia*, his entitlement to the affirmative defense of qualified immunity and asked the court to order Falcon to address the issue of qualified immunity in a reply pursuant to Rule 7(a) of Federal Rules of Civil Procedure. In support of the motion, Defendant Holly argued that parts of Falcon's complaint were too incoherent to understand and that he could not be sure which portions of the Constitution Falcon claimed he violated or the injuries Falcon had alleged. The court ordered Falcon to file a reply tailored to respond to Defendant Holly's defense of qualified immunity, and Falcon filed a document on March 12, 2010, that was docketed as a reply brief.

Defendant Holly has been advised of his right to proceed before the Magistrate Judge but has not consented to proceed before this court. The undersigned has disposed of all non-dispositve motions and now files this Report and Recommendation.

## II. Preliminary Screening Analysis

Although the allegations in Falcon's complaint are, in large part, incoherent, Falcon more fully explained his allegations under oath at the *Spears* hearing. According to Falcon, Defendant Holly punched him in his lower back and his neck on November 6, 2008. Falcon testified that he was in the prison day room on that date and that he asked to see a psychiatrist, but Holly told him "No." Falcon testified that Holly asked him to sit down, that he refused to do so, and that Holly then called him names. Falcon testified that he asked to see a ranking officer, that the request was

2

denied, and that Holly forcefully pulled him to the ground and punched him on his back and neck. Falcon claimed his back and neck were sore after the use of force, that he continues to take pain medication for his back injury, and that he has recently been examined by a physician for problems with his back. Falcon seeks damages in the amount of 5.5 million dollars for mental anguish and pain and suffering he claims he experienced as a result of the excessive use of force.

The United States Supreme Court has held that the core judicial inquiry in a claim of excessive use of force is whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). The court acknowledged that the extent of injury the prisoner may have suffered is one factor that may suggest whether the use of force was wanton and unnecessary or whether it was necessary for penological reasons. *Hudson*, 503 U.S. at 7. The fact that the prisoner may not have suffered a serious injury as a result of a use of force "is relevant to the Eighth Amendment inquiry, but does not end it." *Id.* Contemporary standards of decency are always violated when prison officials maliciously and sadistically use force to cause harm; such is the case regardless as to whether a significant injury is evident. *Hudson*, 503 U.S. at 9 (citing *Whitley*, 475 U.S. at 327). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

In this case, Falcon alleges that Holly forcefully pulled him to the ground and then punched him in his ribs and neck. Although it is not clear from Falcon's testimony whether there was a penological need for Holly to pull Falcon to the ground, nothing in Falcon's allegations suggests that there was a penological need for Holly to punch Falcon on his back or neck. Further, based on the

holding in *Hudson*, even if it were assumed that Falcon suffered only *de minimis* injuries, the evidence must show that the use of force at issue was applied in a good-faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm. *See id*. at 7 (holding that the reasonableness of the force is the core judicial inquiry in a claim of excessive use of force). For these reasons, Falcon's claim of excessive use of force was sufficient to survive preliminary screening. *See id*. at 6; *Williams v. Luna*, 909 F.2d 121, 124 (5th Cir. 1990).

In the absence of consent by Defendant Holly, this action cannot proceed in this court and must be transferred to the District Court.

### III. Recommendation

This court has disposed of all non-dispositive issues. The undersigned therefore recommends that the District Court enter a scheduling order.

### IV. Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:    May 18, 2010.

                                          NANCY M. KOENIG
                                          United States Magistrate Judge